59   341
96   391

## CALVIN G. HUDNUT v. NELSON D. GARDNER.

*False representations—If made and admitted to be false, maker's intent to deceive is conclusively presumed—Reasonable care in acting on same, not involved in such a case—When involved, jury should be advised as to what would constitute—Court should not advance a theory in charge in conflict with the evidence.*

1. In a suit brought to recover damages for false representations alleged to have been made by defendant to plaintiff, defendant admitted their falsity but denied making said representations.

   *Held*, that if the representations were made, the intent to deceive is conclusively presumed from defendant's knowledge of their falsity, and that the jury should have been instructed that if they found that such representations were made, and acted upon by plaintiff, he would be entitled to recover.

2. In such a case, it is error to instruct the jury that they must find that the plaintiff used reasonable care in acting upon defendant's representations, there being no testimony to which such instruction was applicable.

3. Where such instruction is pertinent to the case the jury should be further advised as to what would constitute reasonable care or negligence on the part of the plaintiff under the evidence.

4. It is error for a court, in instructing a jury, to advance a theory in conflict with all of the evidence in the case.

Error to Mecosta. (Fuller, J.) Argued January 7, 1886. Decided January 27, 1886.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Palmer & Palmer*, for appellant:

In a case like this, the law raises a presumption of the party's knowledge concerning the facts of which he has made a false representation, and also of his intent to deceive, and the jury should have been so instructed: Bigelow on Fraud, pp. 59, 63; Cooley on Torts, pp. 498, 499; *Converse v. Blumrich*, 14 Mich. 123; *Eaton v. Winnie*, 20 Mich. 166; *Beebe v. Knapp*, 28 Mich. 76; *Stone v. Covell*, 29 Mich. 363; *Morse v. Dearborn*, 109 Mass. 593; *Morgan v. Skiddy*, 62 N. Y. 319.

*Gleason & Bundy*, for defendant:

The declaration must not only allege an intent to deceive but the proofs must clearly establish such intent in order to a recovery: Kerr on Fraud and Mistake, 55; *Addington v. Allen*, 11 Wend. 386; *Zabriskie v. Smith*, 13 N. Y. 330; *Chester v. Comstock*, 40 N. Y. 575, 576; *Stitt v. Little*, 63 N. Y. 431; *Griswold v. Sabin*, 51 N. H. 167; *Beebe v. Knapp*, 28 Mich. 76.

From all the testimony in the case it most clearly appears that the false representations, if made at all, were made with a full intent to deceive, so that if there was error in the instructions complained of, it could not prejudice plaintiff; the jury could not have been misled, hence the judgment must be affirmed: *Beard v. Maxwell*, 113 Ill. 440; and an examination of the evidence in the case will also show, that the verdict was just and right, and that substantial justice has been done. The court will not therefore reverse the judgment. Same authority.

In determining the correctness or incorrectness of an instruction, it must be considered as a whole and not in its separate parts; also, in connection with all other instructions given at the same time: *Wheeler & Wilson Manufacturing Co. v. Walker*, 41 Mich. 239.

It was incumbent on plaintiff, in order to recover, to prove not only that he suffered damage by the action he was induced to take through defendant's false representations, but that such damage was the direct result of such false representations: Cooley on Torts, 475; *Nye v. Merriam*, 35 Vt. 438; *Freeman v. McDaniel*, 23 Ga. 354; *Castleman v. Griffin*, 13 Wis. 535.

CHAMPLIN, J. Plaintiff brought an action of trespass on the case, against the defendant, before a justice of the peace,

and recovered $44.05 damages, which he claimed to have sustained by reason of certain false representations made by defendant, to the effect that he (defendant) was authorized, as agent of Wetzel Bros., to get certain saw-mill machinery repaired at plaintiff's foundry and works for said Wetzel Bros., and upon their credit; that, relying upon such representations, he performed said work, and delivered it according to defendant's instructions, and charged the same to Wetzel Bros. on his books; that in truth defendant was not the agent of Wetzel Bros., and had no authority whatever from them to contract with plaintiff, and the representations so made by him with reference thereto were false and fraudulent, and were made with intent to deceive, and did deceive the plaintiff, and deprived him of the material used in making the repairs and the work performed thereon.

The plea was the general issue.

On the trial in the circuit the parties were sworn, and the plaintiff's testimony proved, if the jury should give it credence, the representations set out in his declaration. The conversation, as he stated it, left no room for doubt or mistake.

The defendant testified that he was not the agent of Wetzel Bros. in the transaction, and that he had no authority to make any representations to plaintiff such as testified to by him; and his testimony proved, if the jury should give it credence, that he made no such representations as set out in plaintiff's declaration and testified to by him.

The testimony of the plaintiff was corroborated, as to a part of the machinery repaired or made, by the witness Saltsman, a machinist in Hudnut's employ, who stated that defendant told him that the work was for Wetzel Bros., and he so entered it upon his book, and he produced the book in court.

There was no possible way in which the jury could reconcile the testimony of the plaintiff and the defendant, and the issue was narrowed down to the question of credibility. If the jury believed the testimony introduced by the plaintiff, he was entitled to a verdict; if they did not, or if they believed the defendant's, or if the testimony in the minds of

the jury was equally balanced, the defendant was entitled to a verdict.

The errors assigned relate exclusively to the charge of the court, and are as follows:

The court erred in instructing the jury as follows:

" ' 1. It is a serious charge, gentlemen, to bring against an individual, but there have been men in the world who have committed just such offenses,—it is an offense really, it is an offense morally, although it is not classed in the category of crimes; but a man who can·do that is but one step removed from a criminal.'

" ' 2. These representations, gentlemen, if they were made, and made with intent to deceive the plaintiff,—with the intent to wrong and defraud him,—it would give him the right to recover whatever damages he might prove.'

" ' 3. —Said all that he was claimed to have said, with intent at that time to induce the plaintiff to do something which would be to the plaintiff's injury;—cheat him, or induce him to do something which would result to his loss,—then the plaintiff should recover such damages as the plaintiff may prove he has suffered.'

" ' 4. The court will further instruct you that, while viewing the testimony in this case from one stand-point, you might come to a conclusion that the plaintiff's case is fully substantiated—fully maintained—at the same time, if you are able from the testimony to find a full explanation of all the circumstances by which this defendant would be relieved from any charge of fraud—any intent to deceive—you have the right to do so.'

" ' 5. If you should find that this plaintiff, by mistake, had charged this labor to the wrong party, unless he was caused to do it by the intentional deceit which was practiced upon him by the defendant, then the defendant is not to blame for it.'

" ' 6. I will state to you further, on this question of intent: If the party represented to the plaintiff anything which was untrue and it caused the plaintiff, if he used reasonable care, to act upon such suggestions, the defendant at the time knowing what he said was untrue, then you would have the right to presume, and in fact, you could find, that there was an intent to defraud the plaintiff.' "

The remarks of the court upon which the first assignment of error is based were made immediately after stating to the

jury what the plaintiff claimed, and while we see nothing in the case calling for such remarks, we do not see that it was calculated to, or did prejudice, the plaintiff's case. Had the verdict been against the defendant, we think he might well have complained that it tended to prejudice the jury against him.

The error in that portion of the instruction which is alleged in the second assignment of error, arises under the testimony in the case. The question was, were representations made? If they were made, they were false beyond dispute, and the intent to deceive is conclusively presumed from defendant's knowledge of their falsity. And the jury should have been instructed that if they found that the representations were made, the undisputed evidence being that they were knowingly false, if made, the intent to deceive was proven, and the plaintiff would be entitled to recover.

The defendant himself testified that he was not the agent of Wetzel Bros., and had no directions from them to have the work done for them, or to have it charged to them, so that if he did make the representations claimed by plaintiff, he not only made them falsely, but knowing them to be false.

In this connection, we may notice the sixth assignment of error. The vice of this portion of the instruction is that the judge required the jury to find that the plaintiff used reasonable care in acting upon defendant's representations. There was no testimony in the case to which this portion of the charge could be applied. It introduced an unnecessary and uncertain element in the case, which the jury were required to pass upon without directing them as to what would constitute reasonable care or negligence on the part of the plaintiff, under the evidence.

And, further, the judge should have instructed the jury that if the defendant represented to the plaintiff anything which was untrue, and the plaintiff acted in reliance thereon, the defendant at the time knowing what he said was untrue, they would have the right to presume, and should find, that there was an intent to defraud the plaintiff.

The fourth and fifth allegations of error may be considered together.

We think the instructions embraced therein are erroneous. Under the testimony of the plaintiff there was no room for a mistake, and it was error for the court to advance a theory in conflict with all the evidence in the case. And the testimony of the defendant did not tend to prove in any particular that a mistake had been made, or that a misunderstanding could have arisen from what was said at the time.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.